**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| COREY DAY, individually and on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SACAMANO LLC d/b/a VICTIG BACKGROUND CHECKS,<br><br>Defendant. | Case No. 3:26-cv-01129-L<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Corey Day ("**Plaintiff**"), by the undersigned attorneys, on his own behalf and behalf of all others similarly situated, upon personal knowledge with respect to himself, and upon information and belief as to all other matters, brings this class action against Defendant Sacamano LLC d/b/a VICTIG Background Checks ("**Defendant**"), pursuant to the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 *et seq.*, and alleges as follows:

## NATURE OF THE ACTION

1. The need for consumer reporting agencies to adopt reasonable procedures to ensure that the information they disseminate is accurate, up-to-date, and furnished only to users for legally permissible purposes is more critical than ever. Today, approximately three billion consumer credit reports are issued annually in the United States. Moreover, every month, credit reporting agencies receive roughly 1.3 billion updates regarding 200+ million consumer files—an average of fifteen changes per file. National Consumer Law Center, *Fair Credit Reporting* § 1.2.2 (10th ed. 2022), *updated at* www.nclc.org/library.

2. In enacting the FCRA in 1970, Congress expressly acknowledged "[t]here is a need

to insure *(sic)* that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

3. Congress was particularly concerned with the expanding practice of "credit reporting," noting in a Senate Report accompanying the new legislation that a consumer's future employment could be jeopardized by an incomplete (or otherwise erroneous) credit or consumer report. S. Report 91-517, at 4 (1970).

4. Consequently, prior to providing a consumer report to an employer, the FCRA now requires consumer reporting agencies to: (i) make a reasonable effort to verify the identity of a new prospective user of the information and the uses certified by such prospective user; and (ii) follow reasonable procedures designed to assure maximum possible accuracy of the information in the consumer report. *See* 15 U.S.C. § 1681e(a) and (b).

5. Moreover, at the time such public record information is reported to the user of such consumer report, the FCRA requires consumer reporting agencies to notify the consumer that such information is being reported. *See* 15 U.S.C. § 1681k.[1]

6. In addition to the FCRA, Texas Business and Commerce Code § 20.05(a)(4) restricts a consumer reporting agency's reporting of, *inter alia*, the conviction of a crime in which the date of disposition, release, or parole predates the consumer report by more than seven years.

7. Despite these and other prohibitions, Defendant violated the FCRA and Texas law by, *inter alia*: (i) failing to contemporaneously notify Plaintiff and other consumers of Defendant's reporting of public record information to end users; (ii) producing consumer reports regarding Plaintiff and other consumers that were incomplete, inaccurate, and/or misleading; and (iii)

---

[1] Relatedly, the FCRA requires consumer reporting agencies to clearly and accurately disclose all information in a consumer's file at the time of a consumer's request. *See* 15 U.S.C. §1681g.

reporting criminal conviction data that predates the consumer report by more than seven years.

8. Upon information and belief, Defendant's actions were taken according to company policy and procedure in violation of the FCRA and Texas law and affect each proposed class member. As such, Plaintiff, on his own behalf and behalf of all others similarly situated, files this Class Action Complaint seeking statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA and Texas law.

## PARTIES

9. Plaintiff Corey Day is, and was at all relevant times, a resident of Texas. Plaintiff was the subject of a consumer report[2] produced by Defendant for employment purposes.

10. Defendant, a consumer reporting agency[3] as defined by the FCRA, is engaged in the business of producing consumer reports for employment purposes and can be served through its registered agent, Matt Visser, at 14442 S Center Point Way, Ste A100, Bluffdale, UT 84065. Upon information and belief, Defendant has produced more than 5,000 consumer reports for employment purposes in the U.S, including Texas, in the past two years.

---

[2] The FCRA defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for …(B) employment purposes[.]" 15 U.S.C. § 1681(d)(1)(B).

[3] The FCRA defines "consumer reporting agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681(a)(f).

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States.

12. This Court has personal jurisdiction over Defendant because Defendant operates in this District and Defendant's contacts with this District are so continuous and systematic as to render Defendant essentially at home in this District. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this District, and Defendant is subject to personal jurisdiction here.

**LEGAL AUTHORITY**

14. The FCRA is "undeniably a remedial statute that must be read in a liberal manner in order to effectuate the congressional intent underlying it." *Cortez v. TransUnion*, 617 F.3d 688, 722 (3d Cir. 2010).

15. Section 1681e(a) of the FCRA requires that consumer reporting agencies, *inter alia*, "maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e(a). It further states:

> These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 1681b of this title.

*Id.*

16. Section 1681e(b) of the FCRA requires consumer reporting agencies to satisfy the following standard when producing consumer reports:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b).

17. In demanding maximum possible accuracy, the FCRA recognizes the significant impact of consumer reports on consumers, as well as ensures the procedures used to prepare the reports by consumer reporting agencies will be reasonable.

18. Courts recognize two forms of inaccurate information in consumer reports: (i) patently inaccurate information; and (ii) materially misleading information. Information is "materially misleading" if it is misleading in such a way and to such an extent that it can be expected to adversely affect employment decisions.

19. Section 1681k of the FCRA requires consumer reporting agencies that furnish consumer reports for employment purposes which contain matters of public record likely to have an adverse effect on the ability of consumers to obtain employment to:

> (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k.[4]

20. In summary, in conjunction with and contemporaneous to their reporting of public record information to end users, 15 U.S.C. § 1681k demands that consumer reporting agencies: (i) notify consumers that such information has been reported; and (ii) maintain and follow strict procedures designed to ensure the information is both accurate and complete. *See id*.

21. Texas Business and Commerce Code §20.05 also regulates consumer reporting agencies and protects consumers from inaccurate, obsolete, unfair, and unauthorized use of their personal information. It is a state-level framework governing how certain information about consumers may be collected, reported, accessed, corrected, and protected.

22. Texas Business and Commerce Code §20.05(a)(4) prohibits a consumer reporting agency's furnishing of a consumer report containing information related to a record of arrest, indictment, or conviction of a crime in which the date of disposition, release, or parole predates the consumer report by more than seven years.

## FACTUAL ALLEGATIONS

23. Defendant produces background screening and other consumer reports for end users for employment purposes for a fee. The consumer reports produced by Defendant contain items which are matters of public record and are likely to have an adverse effect on a consumer's ability to obtain employment.

24. Upon information and belief, Defendant knows it must comply with the FCRA and Texas law when producing and providing consumer reports.

[4] Moreover, should they directly or indirectly receive notice from a consumer that the consumer's file contains incomplete and/or inaccurate information, consumer reporting agencies must conduct a reasonable investigation within 30 days at no cost to the consumer. *See* 15 U.S.C §1681i(a)(1)(A). The information must be deleted from the consumer's file if found to be inaccurate. *Id*.

25. Plaintiff applied for employment with an end user, Arhaus, in February of 2026.

26. Upon information and belief, a written agreement addressing the production of consumer reports exists between Defendant and Arhaus which requires Defendant to produce reports that comply with the FCRA and all state laws.

27. Plaintiff was offered employment with Arhaus in October of 2025.

28. Arhaus requested a consumer report relating to Plaintiff ("Consumer Report") for employment purposes from Defendant on October 14, 2025.

29. Defendant subsequently provided Arhaus with Plaintiff's Consumer Report on October 16, 2025.

30. Plaintiff's job offer was withdrawn after Arhaus received a copy of the Consumer Report produced by Defendant.

31. The Consumer Report harmed Plaintiff's reputation in that it created, *inter alia*, the false and misleading impression that Plaintiff had recent criminal history.

32. Plaintiff lost Defendant's job offer based on obsolete information in his Consumer Report.

33. The Consumer Report contains a section titled, "County Criminal Records Search."

34. The County Criminal Records Search unambiguously states that the scope of the search is seven years.

35. Defendant's purported use of a seven-year search scope is consistent with Texas Business and Commerce Code §20.05(a)(4).

36. The County Criminal Records Search was performed by Defendant on October 14, 2025, according to the search date referenced in the Consumer Report.

37. A reasonable reader would not expect Plaintiff's Consumer Report to include information outside of the designated seven-year search scope of October 14, 2018 through October 14, 2025.

38. In addition to a search scope limitation of seven years, the Consumer Report includes a section titled, "Other Info".

39. In the Other Info section, Plaintiff's Consumer Report represents a date range restriction of "01/01/2015-10/14/2025," but fails to explain or clarify the purpose of that specific date range.

40. The report lacks any clarifying information concerning the conflicting seven-year search scope and the "Other Info" section.

41. The Consumer Report states that the disposition in Plaintiff's case number F-1741320 ran concurrent with a disposition in an unidentified case.

42. Representing that Plaintiff's disposition in case number F-1741320 ran "concurrent" suggests to a reasonable reader of the Consumer Report that additional and unidentified criminal records relating to Plaintiff exist.

43. It is not a reasonable procedure to produce a consumer report that misleads a reasonable reader into believing a consumer's criminal history is more extensive than, and/or not fully, reported.

44. Defendant's County Criminal Records Search did not locate any criminal history relating to Plaintiff within its seven-year scope of search.

45. The Consumer Report does not clarify that Plaintiff has no criminal history within its seven-year scope of search.

46. Plaintiff does not have any criminal history within Defendant's seven-year scope

of search.

47. Plaintiff's Consumer Report includes criminal history that is beyond its seven-year scope of search.

48. The Consumer Report does not clarify for the reader that Plaintiff's criminal history is outside the scope of the seven-year search and was not otherwise active during the scope of the search.

49. The Consumer Report does not clarify for the reader why the Report contains information that contradicts the represented scope of search.

50. The Consumer Report unambiguously represents that the scope of the criminal history search is seven years.

51. Representing that the search scope of the Consumer Report is restricted to seven years while reporting criminal history outside of the search scope harms Plaintiff's reputation in that third parties are led to erroneously believe Plaintiff has a recent criminal history.

52. Employers and members of the public perceive individuals with a recent criminal history as a risk and attach a stigma of deviance to the individual and Defendant's Consumer Report falsely created that impression regarding Plaintiff.

53. It is not a reasonable procedure to produce a consumer report that designates a seven-year search period while including criminal history outside of the designated search scope.

54. A statement in the Consumer Report that the criminal history search is limited to seven years would lead a reasonable e reader to expect any criminal history in the Report occurred, or was otherwise active, within the last seven years.

55. Plaintiff's Consumer Report is materially misleading and includes conflicting information.

14. Although the Consumer Report represents that Plaintiff's criminal history search was restricted to a seven-year search period, the Report nonetheless includes unfavorable information regarding Plaintiff which precedes that period.

56. The inclusion of unfavorable information in the Consumer Report preceding the seven-year search period paints a false and negative picture of Plaintiff.

57. The inclusion of Plaintiff's criminal history in the Consumer Report preceding the seven-year search period would mislead the reader of the Report, who would otherwise expect his criminal history to be limited to seven years.

58. Plaintiff's Consumer Report would have no information listed under the County Criminal Records Search if Defendant had abided by its designated seven-year search period.

59. Although the FCRA allows records of criminal convictions older than seven years to be reported, Defendant's procedure of stating a definite temporal search period creates expectations for the reader.

60. Defendant's inclusion of criminal convictions outside its designated temporal search period creates a conflict between the data reported by Defendant and its search period procedure.

61. The result of the conflict between Defendant's designated temporal search period and the reported data is harm to the consumer's reputation, as the data appears to be active within the designated temporal search period.

62. Notably, the Consumer Report's inclusion of Plaintiff's criminal history information beyond the seven-year search scope conflicts with the prohibitions of Texas Business and Commerce Code §20.05(a)(4).

63. Texas Business and Commerce Code §20.05(a)(4) considers criminal convictions

beyond seven years to be obsolete information.

64. Plaintiff's Consumer Report would have no information listed under the County Criminal Records Search if Defendant had abided by Texas Business and Commerce Code §20.05(a)(4).

65. The inclusion of information that violates Texas Business and Commerce Code §20.05(a)(4) and the seven-year search period caused obsolete and prohibited data regarding Plaintiff's criminal history to be provided to Arhaus.

66. On information and belief, employers in Texas would only expect to see criminal history that occurred in the past seven years per Texas Business and Commerce Code §20.05(a)(4).

67. The Consumer Report produced by Defendant contains patently incorrect or materially misleading information.

68. The Consumer Report produced by Defendant, including criminal history information beyond the seven-year search scope, is inaccurate and materially misleading. Therefore, Defendant's production of the Consumer Report violates 15 U.S.C. §1681e(b).

69. The unambiguous representation of seven-year search period and the inclusion of criminal history information from outside of that period is evidence that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiff in violation of 15 U.S.C. § 1681e(b).

70. Upon information and belief, Arhaus employs individuals who have a criminal history.

71. The Consumer Report produced by Defendant damaged Plaintiff's livelihood by impairing Plaintiff's ability to secure future employment.

72. The Consumer Report produced by Defendant caused Plaintiff to lose a job

opportunity and wages that Plaintiff would have otherwise earned.

73. The Consumer Report produced by Defendant harmed Plaintiff's reputation.

74. The Consumer Report produced by Defendant harmed Plaintiff's standing in society by associating Plaintiff with recent criminal conduct and subjecting him to the stigma and negative social consequences that accompany such an association.

75. Defendant's knowing or reckless publication of false and misleading information regarding Plaintiff's criminal history to a third party constitutes conduct analogous to defamation *per se*, in that it falsely imputed recent criminal conduct to Plaintiff and harmed his reputation, as well as directly impaired Plaintiff's ability to obtain employment.

76. Defendant's actions caused Plaintiff to suffer embarrassment, anxiety, emotional distress, and mental anguish, including, but not limited to, stress associated with the loss of employment and the stigma of being falsely associated with recent criminal activity.

77. The manner in which the Defendant created Plaintiff's Consumer Report is consistent with Defendant's policies and procedures for creating consumer reports for employment purposes.

78. Defendant's violations of the FCRA, combined with its knowledge of the requirements of the FCRA, are evidence that Defendant was in negligent and reckless disregard of the law.

79. Defendant's violations of Texas law, combined with its knowledge of the requirements of Texas Business and Commerce Code §20.05(a)(4), are evidence that Defendant was in negligent and reckless disregard of the law.

## CLASS ACTION ALLEGATIONS

80. **Class Definitions**: Pursuant to Federal Rule of Civil Procedure 23, Plaintiff

proposes the following class definition:

> **15 U.S.C. § 1681e(b) Class:** All individuals who were the subject of one or more consumer reports that represented a criminal history search scope limited to seven-years yet included criminal history beyond that scope for the period of the previous two years prior to the date of filing, through the conclusion of this matter.

81. As used herein, the term "Proposed Class" shall refer to the aforementioned putative class.

82. Plaintiff reserves the right to amend the class definition before the Court determines whether certification is appropriate, if discovery or further investigation reveals that the Proposed Class should be expanded or otherwise modified.

83. Excluded from the Proposed Class are: (i) Defendant, its parents, subsidiaries, affiliates, officers, and directors; (ii) those who make a timely election to be excluded from the Proposed Class, and (iii) any member of the judiciary presiding over this action.

84. **Numerosity**: The Proposed Class is so numerous that joinder of all members of the class is impracticable. Defendant routinely produces consumer reports on individuals to end users for employment purposes. In doing so, Defendant fails to comply with the certification, accuracy, and notice mandates of the FCRA, along with Texas state law requirements for consumer reporting agencies. Upon information and belief, Defendant has produced more than 5,000 consumer reports using the same policies and procedures during the relevant period. Accordingly, Plaintiff estimates that at least 5,000 individuals would fall within the definition of the Proposed Class during the relevant time period. Members of the Proposed Class can be identified through Defendant's records.

85. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the

Proposed Class. The questions of law and fact common to the Proposed Class include:

a. Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the consumer reports produced;

b. Whether Defendant produced reports that contain inaccuracies in violation of 15 U.S.C. § 1681e(b);

c. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA;

d. Whether Defendant's illegally reported criminal history information that predated the consumer report by more than seven years; and

e. The proper measure of damages.

86. **Typicality**: Plaintiff's claims are typical of the members of the Proposed Class in that Plaintiff is entitled to relief under the same causes of action and upon the same facts. Defendant is a consumer reporting agency that produces consumer reports to end users. Defendant produces the reports in violation of the mandates of the FCRA and Texas law. Accordingly, the FCRA and Texas law violations suffered by Plaintiff are typical of those suffered by other members of the Proposed Class. Finally, Defendant treated Plaintiff consistent with other members of the Proposed Class in accordance with Defendant's standard policies and practices.

87. **Common Questions of Law and Fact**: Virtually all issues of law and fact in this class action predominate over any questions affecting individual members of the Proposed Class. The questions of law and fact common to the Proposed Class include:

a. Whether Defendant maintains reasonable procedures that are designed to ensure maximum possible accuracy in the consumer reports produced;

b. Whether Defendant produced reports that contain inaccuracies in violation of 15 U.S.C. § 1681e(b);

c. Whether Defendant's violations of the FCRA were in negligent and/or reckless disregard of the FCRA;

d. Whether Defendant's illegally reported criminal history information that predated the consumer report by more than seven years; and

e The proper measure of damages.

88. **Adequacy of Representation**: Plaintiff is an adequate representative of the Proposed Class because Plaintiff's interests coincide with, and are not antagonistic to, the interests of the members of the Proposed Class. Plaintiff has retained attorneys competent and experienced in FCRA class action litigation. Plaintiff and Plaintiff's counsel will fairly and adequately protect the interests of all members of the Proposed Class.

89. **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Moreover, questions of law and fact common to the members of the Proposed Class overwhelmingly predominate over individual questions that may arise. Specifically, Defendant's conduct as described herein stems from common and uniform policies and practices which resulted in common violations of the FCRA and Texas law.

90. Even if members of the Proposed Class were able or willing to pursue individual cases, a class action would still be preferable given that a multiplicity of individual actions would likely increase the expense and time of litigation in light of the complex legal and factual controversies presented. Conversely, a class action provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision before a single trier of fact, and would result in reduced time, effort, and expense for all parties and the Court, and ultimately, the uniformity of decisions.

91. Plaintiff seeks statutory damages, punitive damages, costs and attorneys' fees, and all other relief available pursuant to the FCRA and Texas law on behalf of all members of the Proposed Class.

92. Plaintiff intends to send notice to all members of the Proposed Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the members can be identified through Defendant's records.

**COUNT I**
**15 U.S.C § 1681e(b) VIOLATIONS**
**(On Behalf of Plaintiff and the 15 U.S.C. § 1681e(b) Class)**

93. Plaintiff incorporates the foregoing paragraphs 1-92 of this Class Action Complaint as if fully set forth herein.

94. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class contained information that was patently inaccurate and materially misleading.

95. A reasonable employer would be confused by the consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class.

96. The consumer reports produced by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class casts them in a false light.

97. The consumer reports prepared by Defendant regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class falsely represented that the report would only include criminal history information for the last seven years.

98. The consumer reports prepared by Defendants regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class contains information that is prohibited by Texas Business and Commerce Code §20.05(a)(4).

99. A reasonable employer would expect a consumer report that represented criminal

history information for applicants would only be included for the last seven years to include only criminal history information for that period.

100. Defendant's inaccurate and misleading consumer reports cast Plaintiff and the 15 U.S.C. § 1681e(b) Class in a more unfavorable light than they would have been if Defendant had complied with the FCRA and Texas law.

101. Defendant's violations of the FCRA were negligent and/or reckless.

102. Defendant's negligent and/or reckless conduct is reflected by, among other things, the following facts:

a. Defendant has access to legal advice;

b. Defendant had access to public information that proved the consumer reports regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class were inaccurate and misleading;

c. Defendant produced consumer reports concerning Plaintiff and the 15 U.S.C. § 1681e(b) Class that included inaccurate information which was detrimental to the Class; and

d. Defendant committed multiple violations of the FCRA by producing consumer reports regarding Plaintiff and the 15 U.S.C. § 1681e(b) Class that were inaccurate.

103. Plaintiff and the 15 U.S.C. § 1681e(b) Class are entitled to statutory damages of not less than $100 and not more than $1000 for each of Defendant's violations pursuant to 15 U.S.C. §1681n(a)(1)(A).

104. Plaintiff and the 15 U.S.C. § 1681e(b) Class are also entitled to punitive damages for Defendant's violations pursuant to 15 U.S.C. §1681n(a)(2).

105. Plaintiff and the 15 U.S.C. § 1681e(b) Class are further entitled to recover their costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself and those similarly situated, respectfully requests that this Court enter judgment against Defendant as follows:

a. Certifying the 15 U.S.C § 1681e(b) Class under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

b. Designating Plaintiff as class representative and designating Plaintiff's undersigned counsel as counsel for the Proposed Class;

c. Finding that Defendant committed multiple, separate violations of the FCRA as to each Proposed Class Member;

d. Finding that Defendant negligently or recklessly violated the provisions of the FCRA;

e. Finding that Defendant acted negligently and/or in deliberate or reckless disregard of Defendants' obligations under the FCRA and the rights of Plaintiff and the Proposed Class;

f. Awarding statutory damages as provided by the FCRA;

g. Awarding punitive damages as provided by the FCRA;

h. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

i. Granting other and further relief, in law or equity, as this Court may deem just, equitable, and/or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all Counts so triable.

Dated: 05/22/2026

Respectfully submitted,

By: /s/ *Courtney C. Washington*
Courtney C. Washington
Bar No. 24115928
**SIRI & GLIMSTAD LLP**
107 S. McGraw Ave.
Forney, TX 75126
Direct: 972-349-1906
Fax: (646) 417-5967
Email: cwashington@sirillp.com